FILED
2005 AUG 19 PM 1:49

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **VSM GROUP AKTIEBOLAG**<br>561 84 Huskvarna<br>Sweden,<br><br>Plaintiff,<br><br>v.<br><br>**JANOME AMERICA, INC.,**<br>10 Industrial Avenue<br>Mahwah, New Jersey 07430,<br><br>Defendant. | CIVIL ACTION NO.<br>**1:05CV2029**<br>JUDGE<br>**JUDGE O'MALLEY**<br><br>**COMPLAINT FOR**<br>**TRADEMARK INFRINGEMENT**<br><br>Demand For Jury Trial Endorsed<br>Hereon.<br>**MAG. JUDGE McHARGH** |

For its Complaint, Plaintiff VSM Group Aktiebolag ("VSM") states as follows:

**Parties, Jurisdiction and Venue**

1. Plaintiff VSM is a Swedish corporation with a principal place of business at 561 84 Huskvarna, Sweden.

2. On information and belief, Defendant Janome America, Inc. ("Janome") is an Illinois corporation with a principal place of business at 10 Mahwah, New Jersey 07430.

3. The claims asserted herein arise under the Trademarks Laws of the United States, 15 U.S.C. § 1051 *et seq.*

4. This Court has original subject matter jurisdiction over the claims asserted herein pursuant to 28 U.S.C. §§ 1331 & 1338(a), and 15 U.S.C. § 1121(a).

5. This Court has personal jurisdiction over Janome.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) & (c) inasmuch as a substantial part of the events giving rise to the claims asserted herein occurred in this judicial district, a substantial part of the property that is the subject of this action is situated in this judicial district, and Janome may be found in this judicial district.

### Plaintiff VSM and its PLATINUM® Sewing Machines

7. Plaintiff VSM is and has been for many years a manufacturer and distributor of sewing machines.

8. VSM's sewing machines are and have been offered for sale, sold and distributed in many countries throughout the world, including the United States, under a variety of marks for many years.

9. VSM Sewing Inc., a wholly owned subsidiary of Plaintiff VSM, is an Ohio corporation with a principal place of business at 31000 Viking Parkway, Westlake, Ohio 44145.

10. VSM Sewing Inc. currently markets and distributes VSM's sewing machines throughout the United States, including in this judicial district.

11. The PLATINUM® mark has been continuously used in interstate commerce on or in connection with sewing machines since at least March 2003 on behalf of VSM by related companies.

12. VSM Sewing Inc. is currently using the PLATINUM® mark in interstate commerce in the United States on behalf of and as a related company to Plaintiff VSM.

13. VSM's PLATINUM® mark is currently in use in the United States on or in connection with the sale, offering for sale, distribution and advertising of the following line of sewing machine models:

- PLATINUM® 730;
- PLATINUM® 750;

2

{RR1597.DOC;1}

- PLATINUM® 770;
- PLATINUM® 950E

(collectively the "PLATINUM® Machines").

14. The PLATINUM® machines offered for sale, sold and distributed by or on behalf of VSM in the United States have met with much success in the marketplace since the introduction of the first PLATINUM® machine in early 2003.

15. VSM has devoted significant resources to the promotion of the PLATINUM® machines since the introduction of the first PLATINUM® machine in early 2003

16. As a result of the success of the PLATINUM® machines in the marketplace and the significant promotional efforts and expenditures made by VSM, the PLATINUM® mark has, on information and belief, acquired distinctiveness above and beyond its inherent distinctness, has developed strong brand recognition among consumers, and has become a valuable asset of VSM worthy of protection.

17. VSM is the owner of U.S. Trademark Registration Number 2,980,382 (the " '382 Registration") for the PLATINUM® mark in connection with "sewing machines and parts thereof." The '382 Registration issued on August 2, 2005, and is valid and subsisting.

18. VSM obtained the '382 Registration by virtue of U.S. Trademark Application Serial No. 76/429,969, which was filed on an intent-to-use basis on July 12, 2002.

19. The '382 Registration evidences VSM's exclusive right to use the mark PLATINUM on or in connection with sewing machines throughout the United States as of July 12, 2002, or earlier.

### Defendant Janome and its infringing JEM PLATINUM Sewing Machines

20. Defendant Janome distributes sewing machines that are offered for sale by authorized dealers in this judicial district and elsewhere throughout the United States.

3

{RR1597.DOC;1}

21. Janome's sewing machines are offered for sale, sold and distributed under a variety of marks, including the mark JEM®.

22. On information and belief, and approximately two years after VSM first used the mark PLATINUM in commerce in connection with sewing machines, Janome introduced two new models of sewing machines to its line of JEM® sewing machines in or about May, 2005. Janome is marketing these machines as the JEM PLATINUM 720 model and JEM PLATINUM 760 model (the "Infringing Machines").

23. On information and belief, Janome is using the term PLATINUM as a material and source-identifying portion of the trade designation used by Janome on or in connection with the Infringing Machines.

24. On information and belief, sewing machines distributed by Janome, including the Infringing Machines, are currently being sold, advertised, or offered for sale in this judicial district by and through the following authorized Janome dealer locations:

- Kathys Creative Sewing Center, Lakewood, Ohio;
- Slezak Sewing Center, Maple Heights, Ohio;
- Domestic Sewing Center, Warren, Ohio;
- Barnes Sewing Center, Cuyahoga Falls and North Olmstead, Ohio; and
- Alko Sewing Center, Mentor, Ohio.

### The Controversy Between the Parties

25. Janome's adoption and use of the term PLATINUM as a mark on or in connection with the Infringing Machines was and is without the consent of Plaintiff VSM.

26. On information and belief, Janome's first use in commerce of the term PLATINUM as a mark in connection with the Infringing Machines commenced well after VSM's rights in the term PLATINUM became exclusive.

{RR1597.DOC;1}

27. The Infringing Machines compete directly or indirectly with one or more of VSM's sewing machines.

28. The potential customers and end-users of the Infringing Machines will or are likely to be the same as or substantially overlap with the actual and potential customers and end-users of one or more of VSM's sewing machines.

29. On information and belief, the Infringing Machines are or are likely to be offered for sale and sold in retail stores owned, operated or otherwise authorized by businesses that compete directly or indirectly with stores in which one or more of VSM's sewing machines, including the PLATINUM® Machines, are or are likely to be offered for sale or sold.

### First Claim for Relief
### *(Infringement of a Registered Mark)*
### [15 U.S.C. § 1114(1)]

30. Plaintiff VSM incorporates herein by reference paragraphs 1 through 29 of this Complaint as part of its First Claim for Relief.

31. VSM, by virtue of the '382 Registration, has had the exclusive right to use or authorize use of the mark PLATINUM® throughout the United States on or in connection with sewing machines since at least July 12, 2002.

32. Janome's use of the term PLATINUM as a mark on or in connection with the Infringing Machines on or after August 2, 2005, is likely to cause confusion, or to cause mistake, or to deceive relevant portions of the public and thereby infringes VSM's rights in its registered mark PLATINUM® pursuant to Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

33. VSM and its related companies, including VSM Sewing Inc., will suffer or are likely to suffer economic loss as a result of Janome's unauthorized use of the term PLATINUM as a mark, in an amount not yet determined.

34. Janome will gain or is likely to gain a profit as a result of its unauthorized use of the term PLATINUM as a mark, in amounts not yet determined.

35. The manner and amount of damage to VSM likely to be caused by the infringing activity of Janome complained of herein cannot be fully measured or compensated in economic terms, and so cannot be adequately remedied at law. As a result, VSM will suffer irreparable harm and this irreparable harm will continue unless Janome's infringing activities are enjoined during the pendency of this action and thereafter.

36. On information and belief, the conduct of Janome complained of herein was done willfully, and has been commenced with knowledge that such conduct will be an infringement of VSM's trademark rights, with knowledge that such conduct is likely to confuse, mislead and deceive a significant portion of purchasers or other relevant members of the public, and with the intent of exploiting the goodwill that VSM has developed through use and promotion of its PLATINUM® mark.

37. On information and belief, the conduct of Janome complained of herein makes this an exceptional case entitling VSM to recovery of its reasonable attorneys fees.

### Second Claim for Relief
### *(Infringement of an Unregistered Mark)*
### [15 U.S.C. § 1125(a)]

38. Plaintiff VSM incorporates herein by reference paragraphs 1 through 29 of this Complaint as part of its Second Claim for Relief.

39. Janome's use of the term PLATINUM as a mark on or in connection with the Infringing Machines prior to the issuance of the '382 Registration on August 2, 2005, is likely to have caused confusion, or to have caused mistake, or to have deceived relevant portions of the

{RR1597.DOC;1}

public and thereby infringes VSM's rights in the common law mark PLATINUM pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

40. VSM and its related companies, including VSM Sewing Inc., will suffer or are likely to suffer economic loss as a result of Janome's unauthorized use of the term PLATINUM as a mark prior to registration of the mark by VSM, in an amount not yet determined.

41. Janome will gain or is likely to gain a profit as a result of its unauthorized use of the term PLATINUM as a mark, in amounts not yet determined.

42. The manner and amount of damage to VSM likely to be caused by the infringing activity of Janome complained of herein cannot be fully measured or compensated in economic terms, and so cannot be adequately remedied at law. As a result, VSM will suffer irreparable harm and this irreparable harm will continue unless Janome's infringing activities are enjoined during the pendency of this action and thereafter.

43. On information and belief, the conduct of Janome complained of herein was done willfully, and has been commenced with knowledge that such conduct will be an infringement of VSM's trademark rights, with knowledge that such conduct is likely to confuse, mislead and deceive a significant portion of purchasers or other relevant members of the public, and with the intent of exploiting the goodwill that VSM has developed through use and promotion of its PLATINUM® mark.

44. On information and belief, the conduct of Janome complained of herein makes this an exceptional case entitling VSM to recovery of its reasonable attorneys fees.

### Demand for Judgment

WHEREFORE, Plaintiff VSM demands for judgment against Defendant Janome as follows:

{RR1597.DOC;1}

A. The Court enter an Order that Defendant Janome and its respective officers, agents, servants, employees, attorneys and all other persons in active concert or participation with them, be preliminarily enjoined during the pendency of this action and permanently thereafter from using in commerce a mark comprising or including the term PLATINUM or any other mark confusingly similar to VSM's mark PLATINUM® in connection with sewing machines or products related thereto.

B. Defendant Janome be required within thirty (30) days after issuance of the injunctive relief specified in the foregoing paragraph to file with the Clerk of this Court and serve on VSM a report in writing, under oath, setting forth in detail the manner and form in which it has complied with the injunctive portion of the judgment against it.

C. An order requiring Defendant Janome to deliver up all products, packaging and promotional material in its possession bearing a mark comprising or including the term PLATINUM or any other mark confusingly similar to VSM's PLATINUM® mark in connection with sewing machines or products related thereto.

D. The Court enter judgment in favor of VSM for damages in the amount that VSM has sustained as a result of Janome's infringement of VSM's registered mark PLATINUM® in a sum to be determined at trial, and as provided by 15 U.S.C. § 1117(a).

E. Janome be required to account for and pay to VSM all profits derived from Janome's infringement of VSM's registered mark PLATINUM® as provided for by 15 U.S.C. § 1117(a).

F. The Court determine that the amounts awarded in favor of VSM as damages or profits for Janome's infringement of VSM's registered mark PLATINUM® be increased to the maximum amount allowed under 15 U.S.C. § 1117(a).

{RR1597.DOC;1}

G. The Court determine this to be an exceptional case and Janome be ordered to pay VSM its reasonable attorney fees pursuant to 15 U.S.C. § 1117(a).

H. The Court fix and Janome be ordered to pay VSM the costs of this action pursuant to 15 U.S.C. § 1117(a).

I. The Court determine and Janome be ordered to pay VSM prejudgment interest on all sums awarded to the full extent allowed by law.

J. VSM have such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Dated: August 19, 2005

By: *[signature]*
RAYMOND RUNDELLI (0030778)
rrundelli@calfee.com
CALFEE, HALTER & GRISWOLD LLP
800 Superior Avenue, Suite 1400
Cleveland, Ohio 44114
Phone: (216) 622-8200
Fax: (216) 241-0816

Attorneys for Plaintiff VSM Group Aktiebolag

{RR1597.DOC;1}

### PLAINTIFF'S DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff VSM Group Aktiebolag hereby demands a jury trial.

Respectfully submitted,

Dated: August 19, 2005

By: *[signature]*
RAYMOND RUNDELLI (0030778)
rrundelli@calfee.com
CALFEE, HALTER & GRISWOLD LLP
800 Superior Avenue, Suite 1400
Cleveland, Ohio 44114
Phone: (216) 622-8200
Fax: (216) 241-0816

Attorneys for Plaintiff:

{RR1597.DOC;1}